FJN:RMU
F. #2025R00399

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

   - against -

JAKHI MCCRAY,

              Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

I N F O R M A T I O N

Cr. No.   26 CR 68
(T. 18, U.S.C., §§ 844(c)(1), 844(i),
 981(a)(1)(C), 982(a)(2)(B), 982(b)(1)
 and 3551 et seq.; T. 21, U.S.C., § 853(p);
 T. 28, U.S.C., § 2461(c))

THE UNITED STATES ATTORNEY CHARGES:

ARSON

1.     On or about June 12, 2025, within the Eastern District of New York and elsewhere, the defendant JAKHI MCCRAY did knowingly, intentionally and maliciously damage and destroy, and attempt to damage and destroy, by means of fire, a vehicle and other real and personal property used in interstate and foreign commerce and in an activity affecting interstate and foreign commerce, to wit: one or more New York City Police Department vehicles.

(Title 18, United States Code, Sections 844(i) and 3551 et seq.)

CRIMINAL FORFEITURE ALLEGATION

2.     The United States hereby gives notice to the defendant that, upon his conviction of the offense charged herein, the government will seek forfeiture in accordance with: (a) Title 18, United States Code, Section 844(c)(1), which requires any person convicted of such offense to forfeit any explosive materials involved or used or intended to be used in any violation of Title 18, United States Code, Section 844; (b) Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), which require any person

convicted of such offense to forfeit any property, real or personal, constituting, or derived from, proceeds obtained directly or indirectly as a result of such offense; and (c) Title 18, United States Code, Section 982(a)(2)(B), which requires any person convicted of such offense, to forfeit any property constituting, or derived from, proceeds obtained directly or indirectly as a result of such offense.

3.    If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

(a)    cannot be located upon the exercise of due diligence;

(b)    has been transferred or sold to, or deposited with, a third party;

(c)    has been placed beyond the jurisdiction of the court;

(d)    has been substantially diminished in value; or

(e)    has been commingled with other property which cannot be divided

without difficulty,

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Sections 844(c)(1), 981(a)(1)(C), 982(a)(2)(B) and 982(b)(1); Title 21, United States Code, Section 853(p); Title 28, United States Code, Section 2461(c))

By: *Whitman G.S. Knapp, AUSA*
JOSEPH NOCELLA, JR.
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK